■ VILLAGE OF CANAJOHARIE, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 32939.) — Appeal by the State from a judgment of the Court of Claims which awarded compensation to the claimant village for the permanent appropriation of land for Thruway purposes, pursuant to article XII-A of the Highway Law. The amount of the award is not questioned. The State contends that the village held the appropriated land in a governmental capacity for the benefit of the public, and hence is not entitled to compensation for it. The parties are in accord upon all but one question. They agree that a municipal corporation may own real estate in two capacities: (1) "governmental", and (2) "proprietary". They also agree that the State may take the property without compensation if it is held in a governmental capacity, and that the State must pay compensation if the property is held in a proprietary capacity. Their only difference is in which category the appropriated property falls. While ordinarily a determination of this question would be one of law, the underlying questions of the purpose of acquirement and the uses to which the property was put are questions of fact. The line between the two categories cannot be so sharply and precisely defined as to fit all factual situations. The Village of Canajoharie acquired this property in 1932 for use as a baseball field for its village team. The property was thereupon fitted for use as a baseball field by installing, among other things, a drainage system, a grandstand, two dug outs, and the usual requirements of a baseball field. The Court of Claims has found that the premises were not purchased for public park purposes; were used exclusively for playing baseball and specifically reserved for the inhabitants of the village; that the premises were for the private benefit of the inhabitants of the village, and that the premises were not for the use of

the general public of the State. If such findings are substantiated they clearly support the legal conclusions reached by the court below that the village owned and used the property in a proprietary capacity. We think the evidence amply supports the findings, and that they certainly may not be said to be against the weight of the evidence. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ. [13 Misc 2d 293.]